UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,

    v.

QUAWEE JONES, et al,

    Defendant.

16 Cr. 181 (JLL)

---

### DEFENDANT QUAWEE JONES' MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT PRIOR FELONY CONVICTIONS UNDER RULE 609 AND IN SUPPORT OF HIS MOTION TO EXCLUDE OTHER CRIMES UNDER RULE 404(B)(2)

**PRELIMINARY STATEMENT**

Defendant Quawee Jones respectfully submits this Memorandum of Law in opposition to the Government's motion to admit evidence of his prior criminal convictions should he choose to testify, pursuant to Federal Rule of Evidence 609. The government seeks to admits Jones' December 10, 2010 conviction for hindering apprehension, i.e., warning another person of impending apprehension or discovery, in violation of N.J.S.A. §2C:29-3A(4), as well as his June 24, 2013 conviction for possession of CDS in violation of N.J.S.A. §2C:35-10A(1).

Jones also submit this Memorandum of Law in support of his motion to exclude evidence related to his convictions for disorderly persons offenses or any other "crimes or wrongs" pursuant to Federal Rule of Evidence 404(b)(2). This includes a May 20, 2016 conviction for disorderly conduct, in violation of 2C:33-2 and an August 7, 2012 conviction for loitering to obtain or distribute CDS, in violation of 2C:33-2.1.

1

## ARGUMENT

### POINT I
### JONES' CONVICTIONS ARE NOT ADMISSIBLE UNDER RULE 6O9 AS THE PREJUDICAL EFFECT OUTWEIGHS THE PROBATIVE VALUE.

**A.    Standard for Admissibility Under Rule 609.**

Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness.  However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).  "An exception is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014).  The Third Circuit has recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test.  *Id*.  These factors include: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant."  *Id*.  (quoting *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir. 1982).

Here, Jones' convictions for hindering apprehension and possession of a CDS should not be admitted under this balancing test set forth in *Bedford*.  The first *Bedford* factor, which is offense specific, weighs heavily against admission of Jones convictions should he elect to testify at trial.  The nature his convictions, coupled with the importance of his testimony and credibility,

establishes that the prejudicial effect outweighs the probative value of evidence of these convictions. [1]

**B.     The Nature of the Crime Involved, The First Factor For Consideration Under *Bedford*, Favors Exclusion of Jones' Prior Convictions.**

When evaluating the first factor – the kind of crime involved – courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime. *Caldwell*, 760 F.3d at 286. The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness. *Id*. Crimes of violence generally have lower probative value in weighing credibility, but may still be admitted after balancing the other factors. *Id*. In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible. *Id.* In addition, the more similar the prior conviction is to the offense charged, the more the balance tips towards exclusion. *Id*.

Both of Jones prior convictions will not provide impeachment value in that they will not assist the jury in assessing Jones' character for truthfulness. With respect to Jones' conviction for hindering apprehension, i.e., warning another person of impending apprehension or discovery, in violation of N.J.S.A. §2C:29-3A(4), the government argues that although it is not a crime directly involving dishonesty or a false statement, it "involves deception and implies dishonesty." Govt. Brief at 7. However, there is nothing in the language of N.J.S.A. §2C:29-3A(4) to suggest that it involves any sort of deception:

> A person commits an offense if, with purpose to hinder the detention, apprehension, investigation, prosecution conviction or punishment of another for an offense or violation . . . .  he [w]arns the other of impending discovery or apprehension . . . .

---

[1] Jones does not contest that the convictions occurred within the 10 year time frame stipulated in Rule 609(b).

*Id*. A conviction for warning someone by providing presumably truthful information does not suggest that the offender attempted to deceive the authorities. In contrast, subsection (7) of the same statute criminalizes the giving of false information to law enforcement in an effort to hinder apprehension or prosecution. N.J.S.A. §2C:29-3A(4). While a conviction under subsection (7) would arguably be admissible, a conviction under subsection (4) for warning another person, does not implicate truthfulness and has no impeachment value.

Jones' conviction for possession of CDS in violation of N.J.S.A. §2C:35-10A(1) should similarly be excluded from evidence. Although it has been held that narcotics *dealing* may be admissible as it tends to involve deliberation, secrecy, and dissimulation, *see United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977) and *United States v. Murphy*, 172 Fed. Appx. 461, 463 (3d Cir. 2006), that reasoning has less force with respect to narcotics *possession*. *United States v. Figueroa*, Crim. No. 15-0098 (D.N.J. Jan. 11, 2016). Possession of narcotics does not implicate the same level of criminal intent as distribution of narcotics and thus does not relate to Jones' character for truthfulness, weighing heavily in favor of exclusion.

Importantly, the prior conviction for possession of narcotics is substantially similar to the current charges for conspiracy to distribute and to possess with intent to distribute narcotics. Where the prior and current offenses are identical, a jury may unfairly assume that the defendant is prone to commit that particular offense and so must be guilty of the current charges. *See Caldwell,* 760 F.3d at 286-87 (government proffers prior firearms conviction in a firearms case); *United States v. Hans,* 738 F.2d 88, 94 (3d Cir. 1984) (approving district judge's determination that prior conviction of assault with intent to commit armed robbery was "too similar" to charged offense of armed bank robbery). As the *Caldwell* Court noted:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury,

> despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

*Id*. at 286-87 (quoting *United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992). Here, the drug charges are substantially similar and could lead a jury to believe that Jones committed the current offense based on his previous conviction for drug possession.

**C.   The Importance of Jones' Testimony and Credibility Under *Bedford* Factors 3 and 4 Weigh Against Admitting His Prior Convictions.**

The third factor inquires into the importance of the defendant's testimony to his defense at trial. "The tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions." *Caldwell,* 760 F.3d at 287. If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying. *Id*. "A defendant's decision about whether to testify may be based in part on whether his prior convictions will be admitted for impeachment purposes. Thus, the fact that a defendant's testimony is important to demonstrate the validity of his or her defense constitutes a factor weighing against the admission of a prior conviction." *Id*. (citing *Weinstein's Federal Evidence* § 609.05[3][e]). "If, on the other hand, the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." *Id*. (quoting *Weinstein's Federal Evidence* § 609.05[3][e]; *see also United States v. Causey,* 9 F.3d 1341, 1344 (7th Cir.1993) (noting that prejudicial impact diminished where defendant "did not obviously need to testify to raise his various defenses" because several other defense witnesses provided the same testimony).

Jones' testimony is critical to his defense in that much of the government's evidence rests on the contents of recordings obtained through wiretaps of a phone allegedly used by Jones. His testimony is necessary to counter the argument that he was the individual using the phone and the voice captured in the recordings. There are no other means by which to establish this defense and therefore the evidence of his prior convictions should be excluded so that Jones is not prevented from testify regarding this critical issue.

The Court in *Caldwell* acknowledged the inherent tension between the third and fourth *Bedford* factors in that if a defendant's testimony is important his credibility become central. *Id*. at Fn. 15. Although these factors essentially cancel each other out, Jones maintains that his criminal record is not one "which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." *United States v. Browne*, 829 F.2d 760, 764 (9th Cir. 1987) (internal quotations and citations omitted). As such, if not cancelled out by the third *Bedford* factor, Jones' credibility weighs in favor of exclusion of his prior convictions, particularly when coupled with the nature of these convictions and similarity to the current offenses.

**D.    Jones' Convictions Cannot Be Sanitized So As To Negate The Prejudicial Impact**

The government, recognizing the prejudicial effect of Jones' prior drug related convictions, urges the court to consider sanitizing them by allowing the government to refer to them on cross-examination simply as felony convictions without reference to the specific crime involved. The cases cited by the government do not support this proposal, which also runs afoul of Rule 609. Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. If the jury is sanitized as to the nature of the conviction, it cannot properly assess Jones' credibility. The jury, may, in fact, assume that the felony is far worse than hindering apprehension

and possession of CDS, which would result in far more prejudice to Jones. As such, the court should reject the government's proposal to sanitize the convictions.

## POINT II
## EVIDENCE OF PRIOR CONVICTIONS SHOULD BE EXCLUDED UNDER RULE 404(B)

In its brief, the government reserved the right to seek admission of Jones' prior convictions for disorderly conduct under N.J.S.A. §2C:33-2 and loitering to obtain or distribute CDS under N.J.S.A. §2C:33-2.1, which fall outside the purview of Rule 609 in that they are not punishable by a term of imprisonment of greater than one year. Govt. Brief fn. 1. These convictions should not be admitted because they will be used for the sole purpose of establishing Jones' character trait and that he acted in accordance with that character in committing the charged offense. The government also reserved the right to seek the admission of any other "crimes or wrongs," pursuant to Federal Rule of Evidence 404(b). To the extent that the government seeks to admit any other "crimes or wrongs," it must provide pre-trial notice of "the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2)(A) and (B).

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). In recognition that prior offense evidence is generally more prejudicial than probative, Rule 404(b) directs that evidence of prior bad acts be excluded — *unless* the proponent can demonstrate that the evidence is admissible for a non-propensity purpose. *Caldwell*, 760 F.3d at 276. The burden of identifying a proper purpose

rests with the proponent of the evidence, usually the government.  See *United States v. Davis,* 726 F.3d 434, 442 (3d Cir. 2013) and *United States v. Sampson,* 980 F.2d 883, 887 (3d Cir.1992)).

There are four distinct steps that must be taken before evidence is admissible for a non-propensity purpose under Rule 404(b)(2).  First, the proponent must identify a proper 404(b) purpose for admission (such as knowledge or intent) that is "at issue" in, or relevant to, the case.  In evaluating whether an identified purpose is "at issue," courts should consider the "material issues and facts the government must prove to obtain a conviction."  *Sampson,* 980 F.2d at 888.  A proponent's incantation of the proper uses of prior act evidence, however, "does not magically transform inadmissible evidence into admissible evidence."  *United States v. Morley,* 199 F.3d 129, 133 (3d Cir.1999).  Rather, the proponent must identify a specific purpose that "is of consequence in determining the action."  Fed. R. Evid. 401(b).

Once the proponent identifies a non-propensity purpose that is "at issue" in the case, the proponent must next explain how the evidence is relevant to that purpose.  *Caldwell*, 760 F.3d at 276.  This step is crucial.  *Id*.  The task is not merely "to find a pigeonhole in which the proof might fit," but to actually demonstrate that the evidence "prove[s] something other than propensity."  *Id.* (quoting Mueller, *Federal Evidence* § 4:28, at 731).  "In proffering such evidence, the government must explain how it fits into a chain of inferences – a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference."  *Davis,* 726 F.3d at 442 (citing *Sampson,* 980 F.2d at 887).

To ensure that protections afforded by Rule 404(b) are not ignored, the district court must use care and precision in ruling on the admission of prior act evidence for a non-propensity purpose.  As such, if the district court admits the evidence, it must "articulate reasons why the evidence also goes to show something other than character."  *Sampson,* 980 F.2d at 888.  "The

reasoning should be detailed and on the record; a mere recitation of the purposes in Rule 404(b)(2) is insufficient." *Davis,* 726 F.3d at 442.

Under the third step of the analysis, the court must evaluate pursuant to Rule 403 whether the evidence is sufficiently probative, such that its probative value is not outweighed by the inherently prejudicial nature of prior bad act evidence. *Sampson,* 980 F.2d at 889. This balancing requires great care on the part of the district court, "because few categories of evidence bring greater risk of prejudice to the accused under Rule 403." *Id*. (quoting Mueller, *Federal Evidence* § 4:28, at 731). Finally, and if the defendant requests it, the court must provide a limiting instruction, which advises the jury that the evidence is admissible for a limited purpose and may not be considered in another manner. *Davis,* 726 F.3d at 445. If such a request is made, the court should provide the instruction at the time the evidence is admitted. *Id.*

If the government seeks to admit evidence related to Jones' prior convictions for disorderly conduct and loitering to obtain or distribute CDS or any other "crimes or wrongs," the burden is on the government to meet the above the criteria. Evidence related to Jones' prior convictions should be denied because they are irrelevant to proving motive, opportunity, intent, or any other admissible purpose. Admission of these convictions would be used as impermissible propensity evidence and offer no probative value. Absent such proof by the government, the court should exclude evidence of these convictions or any other "crimes or wrongs."

## **CONCLUSION**

For the reasons set forth above, Defendant Quawee Jones respectfully requests that the Court deny the government's motion to admit evidence of Jones prior criminal convictions for hindering apprehension and possession of a CDS, should he choose to testify, pursuant to Federal Rule of Evidence 609. Defendant Jones also respectfully requests that the court exclude evidence

9

related to his prior convictions for disorderly conduct and loitering to obtain or distribute CDS, as well as evidence of any other "crimes or wrongs" absent the requisite showing under Federal Rule of Evidence 404(b)(2).

                                        BIANCAMANO LAW, LLC
                                        Attorneys for Defendant Quawee Jones

Dated: September 11, 2017        By:    <u>s/ Stacy A. Biancamano</u>
                                                        Stacy A. Biancamao, Esq.